UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMI NATURALITE,

    Petitioner,

v.                                              Case No. 2:09-CV-73

DEBRA SCUTT,                        HON. GORDON J. QUIST

    Respondent.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE
RECOMMENDATION OF DISMISSAL WITH PREJUDICE**

Petitioner, Jami Naturalite has filed a habeas petition pursuant to 28 U.S.C. § 2254, challenging his conviction for extortion under M.C.L. § 750.213. Petitioner objects to the magistrate judge's Report and Recommendation, issued July 30, 2010, which recommended that the habeas petition be denied. Upon *de novo* review, the Court will adopt the Report and Recommendation only in part, but ultimately deny the Petition.

Petitioner raises the following twenty claims in his habeas petition:

I.      Whether the state trial court violated Petitioner's right to confrontation when it limited the cross-examination of one of the State's witnesses.

II.     Whether the jury instruction was adequate.

III.    Whether appellate counsel was ineffective for failing to raise the issues raised in petitioner's motion for relief from judgment in State court.

IV.    Whether appellate counsel was ineffective for failing to assist Petitioner in drafting a supplemental pro se brief in Petitioner's direct appeal.

V.     Whether there was sufficient evidence to support Petitioner's conviction.

| | | |
|---|---|---|
| VI. | Whether the extortion letter was protected under the First Amendment. | |
| VII. | Whether the trial court was impartial throughout the proceedings. | |
| VIII. | Whether trial counsel was ineffective. | |
| IX. | Whether the attorney appointed to assist Petitioner's *pro se* representation adequately assisted petitioner in preparing a defense. | |
| X. | Whether the prosecutor committed misconduct by delaying turning over discovery materials. | |
| XI. | Whether the trial court denied Petitioner's rights by expressing concern regarding whether Petitioner could self-represent. | |
| XII. | Whether the jury selection process insured an impartial jury. | |
| XIII. | Whether the prosecutor's act of referring to petitioner as "he" during trial denied Petitioner a fair trial, given Petitioner's gender identity disorder. | |
| XIV. | Whether the prosecutor committed misconduct by arguing irrelevant facts. | |
| XV. | Whether the prosecutor committed misconduct by charging Petitioner when the prosecutor "knew that bona fide criminal extortion did not happen." | |
| XVI. | Whether the trial court committed error by failing to declare that a letter filed by Petitioner on behalf of another person with a court was not the unauthorized practice of law. | |
| XVII. | Whether the trial court failed to suppress evidence of discussions between one of the witnesses and his lawyer. | |
| XVIII. | Whether the jury was properly instructed. | |
| XIX. | Whether there was sufficient evidence after the preliminary examination to bind Petitioner over for trial. | |
| XX. | Whether Petitioner's sentence is unconstitutional. | |

Petitioner raised, and the Michigan Court of Appeals rejected, claims I and II on direct review. *People v. Naturalite*, No. 250534, 2004 WL 2882446, at *1-2 (Mich. Ct. App. Dec. 14, 2004). The remaining claims, although not presented on direct review, were raised either in Petitioner's request

for leave to appeal to the Michigan Supreme Court, which the court denied in a standard order, *People v. Naturalite*, 474 Mich. 868, 703 N.W.2d 813 (2005) (table), or as part of Petitioner's motion for relief from judgment, which the trial court denied under M.C.R. 6.508(D)(3), finding that Petitioner failed to show cause and prejudice for his failure to raise the claims in his appeal as of right. *People v. Naturalite*, No. 00-7049-FH (Chippewa Co. Cir. Ct. Jan. 9, 2007). Both the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal with standard form orders citing M.C.R. 6.508(D). *People v. Naturalite*, No. 282852 (Mich. Ct. App. July 7, 2008); *People v. Naturalite*, No. 137176 (Mich. Dec. 30, 2008). The Report and Recommendation concludes that all twenty claims should be denied: claims I and II, on their merits, and claims III through XX, as procedurally defaulted. Petitioner raises several objections.

Beginning with the issue of procedural default, Petitioner asserts that claims III and IV, which allege ineffective assistance of appellate counsel, are not subject to procedural default because state collateral review is the first opportunity to raise such claims. Petitioner also contends that claims III and IV serve as "cause" to excuse the procedural default of claims V through XX. Finally, Petitioner requests an evidentiary hearing as to claims III and IV only.

The Court agrees with Petitioner that he could not have procedurally defaulted his claims of ineffective assistance of appellate counsel. *See Brown v. Lafler*, No. 09-10852, 2010 WL 5148498, at *4 (E.D. Mich. Dec. 14, 2010) ("Petitioner could not have procedurally defaulted his ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim.") (citing *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010) and *Hicks v. Straub*, 377 F.3d 538, 558 n.17 (6th Cir. 2004)). Therefore, the Court will reject the Report and Recommendation to the extent it finds claims III and IV procedurally defaulted. As set forth below, however, both claims fail on their merits.

Petitioner argues that appellate counsel was ineffective in two ways: (1) failing to raise the defaulted claims on direct appeal; and (2) failing to facilitate Petitioner's right to submit a supplemental *pro se* brief on appeal in which he intended to raise the defaulted claims. In order to establish constitutionally ineffective assistance, Petitioner must show that counsel's performance was deficient, meaning that he was not functioning as the "counsel" guaranteed by the Sixth Amendment, and that prejudice resulted, meaning that "but for counsel's unprofessional errors, the results of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068 (1984). In reviewing counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, 104 S. Ct. at 2065.

The magistrate judge concluded, and this Court agrees, that as to the first grounds, Petitioner has failed to show that counsel was ineffective. It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 754, 103 S. Ct. 3308, 3314 (1983). "In fact, the process of winnowing out weaker arguments on appeal is the hallmark of effective appellate advocacy." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (internal quotation marks omitted). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance be overcome." *Id.*

In this case, appellate counsel filed a twenty-seven page brief thoroughly arguing that the trial court abused its discretion and denied Petitioner his right of confrontation when it limited the cross-examination of one of the State's witnesses and that the trial court committed reversible error in overruling Petitioner's objection to the jury instruction that the "threat" for extortion could be

stated in general or vague terms. With his objections, Petitioner lists all of the defaulted issues and asserts only that "[i]t is inconceivable that the two issues appellate counsel raised . . . were clearly stronger than the foregoing issues that appellate counsel ignored altogether." (Objections at 4.) Instead, Petitioner asserts, they were the "easiest issues to raise to give the appearance of representing petitioner on appeal, collect his fees, and be on his merry way." (*Id.*) The Court finds that Petitioner has failed to overcome the presumption that appellate counsel's having presented the claims he did and not others was a matter of strategy, and not so unreasonable as to amount to ineffective assistance.

Petitioner also argues that appellate counsel was ineffective in failing to properly "facilitate" his desire to file a supplemental pro se brief on appeal. Specifically, Petitioner refers to Michigan Supreme Court Administrative Order 1981-7(11), which states as follows:

> When a defendant insists that a particular claim be raised on appeal against the advice of counsel, counsel shall inform the defendant that he or she has the right to present that claim to the appellate court in propria persona. Should the defendant choose to proceed in such manner, counsel shall provide procedural advice and such clerical assistance as may be required to conform the defendant's pleadings for acceptability to the court.

Petitioner asserts that he repeatedly asked appellate counsel to help him "effect" his so-called "Standard 11"[1] brief, but that counsel "refused to do so even though the burden was placed upon him by state regulation." (Objections at 5.) The Court notes that the administrative order regarding Standard 11 briefs does not require appellate counsel to draft Petitioner's brief for him or even to "facilitate" Petitioner in preparing his brief, as Petitioner asserts it does. Rather, counsel's duty is to provide "procedural advice" and "clerical assistance" so that the brief conforms to the court's

---

[1] Currently, Administrative Order No. 2004-6 governs the filing of such briefs, which are now referred to as "Standard 4" briefs. *See Hardiman V. Curtin*, 2009 WL 2616259, at * n.1 (W.D. Mich. Feb. 13, 2009).

5

pleading requirements. Assuming, without deciding, that appellate counsel breached this duty, such breach does not amount to ineffective assistance under the Sixth Amendment because there is no constitutional right to file a Standard 11 brief. *See e.g.*, *Hardiman v. Curtin*, No. 1:06-cv-177, 2009 WL 2616259, at *15 (W.D. Mich. Feb. 13, 2009) (finding that appellate counsel was not constitutionally ineffective for failing to file the Standard 11 brief the petitioner gave him because there is no constitutional right to file a *pro se* brief in addition to the brief appellate counsel submits); *Dowdy v. Sherry*, No. 06-CV-10735, 2008 WL 5188827, at *10 (E.D. Mich. Dec. 10, 2008) (same); *Merkel v. White*, No. 06-CV-13885, 2008 WL 4239497, at *4 (E.D. Mich. Sept. 11, 2008) (same).

Accordingly, although the Court finds that they are not procedurally defaulted, Petitioner is not entitled to habeas relief as to claims III and IV because he has not shown that counsel provided constitutionally ineffective assistance. The Court also rejects Petitioner's request for an evidentiary hearing on these two issues because the record is sufficient to decide them and because Petitioner has failed to identify any additional evidence such a hearing might uncover. *Southward v. Warren*, No. 2:08-CV-10398, 2009 WL 2222579, at *1 (E.D. Mich. July 24, 2009); *Willis v. Lafler,* No. 05-74885, 2007 WL 3121542, at *38 (E.D. Mich. Oct. 24, 2004). Finally, because counsel did not provide constitutionally ineffective assistance, the Court rejects Petitioner's argument that claims III and IV provide "cause" to excuse the procedural default of claims V through XX. *See Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S. Ct. 1587, 1591 (2000)); *accord Monzo,* 281 F.3d at 577 ("Attorney error does not constitute 'cause' unless it rises to the level of a constitutional violation of the right to counsel under *Strickland*.").

Petitioner's remaining claims, I and II, are not barred by procedural default. With claim I, Petitioner alleges that the trial court violated his right of confrontation by limiting his cross-

examination of co-defendant Kemppainen, who entered into a plea agreement in which he agreed to testify truthfully against Petitioner at trial, regarding the exact penalty he avoided by cooperating with the prosecution. The Michigan Court of Appeals denied the claim during Petitioner's direct review, finding that Petitioner had the opportunity to and did successfully demonstrate to the jury that, as part of his plea bargain, Kemppainen received a "delayed sentence" such that he would actually end up serving no time at all. The magistrate concluded, and this Court agrees, that Petitioner had the opportunity to effectively cross-examine the witness and demonstrate his potential bias, and that is all the Confrontation Clause requires. *See Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S. Ct. 1431, 1435 (1986) (explaining that the trial judge may impose "reasonable limits" on cross-examination and that "the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish"). Accordingly, contrary to Petitioner's objections, the State court's decision on claim I was neither "contrary to, [n]or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court." 28 U.S.C. § 2254(d).

With claim II, Petitioner alleges that the jury instruction concerning the elements of extortion was inadequate and violated his due process rights. Specifically, Petitioner challenges the instruction that a threat may be conveyed in "general or vague terms." The Michigan Court of Appeals rejected this argument, finding that "[t]aken as a whole, the instructions clearly conveyed the elements of the crime and, in particular, the requirements that defendant threatened to accuse the judge of a crime and intended that the judge give money or take other action against his will." *People v. Naturalite*, 2004 WL 2882446, at *2. The magistrate concluded, and this Court agrees, that this decision did not violate Petitioner's due process rights. Petitioner makes the blanket objection that the State court's decision was contrary to clearly established federal law, but cites no

7

federal law to support his conclusion. Even if the instruction were incorrect under state law, which it was not, Petitioner would not necessarily be entitled to habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 72, 112 S. Ct. 475, 482 (1991). To be entitled to habeas relief, Petitioner has to show that the "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Id.* He has not done so.

Petitioner also objects to the Report and Recommendation on the grounds that it does not address the following: (1) Petitioner's response to the State's submission of its Rule 5 materials, in which Petitioner accused the State of lying to the Court, or at least hiding information, because it submitted only ten out of twenty-five total transcripts; (2) Petitioner's objections to the magistrate judge's April 20, 2010, order, which denied Petitioner's motion requesting that the Court and the State refer to Petitioner as a female; and (3) Petitioner's request for copies of two cases referenced in the State's answer to the petition and not available in the prison library.

As to the first issue, Petitioner misunderstands the State's duties under Rule 5. The State is only required to submit those transcripts it considers "relevant." Rules Governing Section 2254 Cases in the United States District Courts Rule 5. The Court may order that other transcripts be furnished, but Petitioner's blanket assertion that the State must be lying if it does not submit every available transcript is unconvincing. As to the second issue, Petitioner filed a motion requesting that the Court commit itself to using feminine pronouns and order the State to do so as well, given Petitioner's gender identity disorder. The magistrate judge denied the motion, explaining that because Petitioner was born male, and is housed in a male prison, the court would refer to him as "Petitioner," but would not use feminine pronouns or order the State to do so. Although the Court is sensitive to Petitioner's request, the magistrate judge's order was not "clearly erroneous or contrary to law." 28 U.S.C. 636(b). As to the last issue, Petitioner has filed a motion requesting that

8

the Court provide, or order the State to provide, Petitioner with copies of two cases cited by the State in its answer to the petition. The Court recognizes that providing incarcerated *pro se* prisoners with cases to which they do not have access can serve the ends of justice and ensure that prisoners have the opportunity to understand and properly assert their legal rights. *See e.g.*, *Rashad v. Lafler*, No. 2:08-CV-14983, 2009 WL 980790, at *1 (E.D. Mich. Apr. 10, 2009). In this case, however, the cases Petitioner requests had no impact on the Court's disposition here and are merely duplicative of law also present in other cases cited by Petitioner. Therefore, the Court will deny Petitioner's request.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Petitioner's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued July 30, 2010 (docket no. 38) is **ADOPTED IN PART**. It is adopted except to the extent it

9

finds Petitioner's claims of ineffective assistance of appellate counsel (claims III and IV) procedurally defaulted.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Request for Legal Copies (docket no. 40) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Request for Appointment of Federal Public Defender (docket no. 46) is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

A separate judgment will issue.


Dated: January 21, 2011              /s/ Gordon J. Quist
                                      GORDON J. QUIST
                                      UNITED STATES DISTRICT JUDGE